UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

Sea Dog Woburn, LLC

Debtor.

Chapter 7
Case No. 14-13181-WCH

**TRUSTEE'S MOTION AUTHORIZING SALE OF PERSONAL PROPERTY
TO WOBURN RESTAURANT ASSOCIATED LIMITED PARTNERSHIP
(SEVEN DAY ALL ALCOHOLIC BEVERAGE LICENSE)**

Joseph G. Butler, the duly appointed chapter 7 trustee (the "Trustee") of the estate of the above-captioned debtor, Sea Dog Woburn, LLC (the "Debtor") hereby moves this Court pursuant to 11 U.S.C. § 363 to enter an order, authorizing the Trustee to sell, free and clear of all liens, claims, encumbrances and interests of any kind or nature, the Debtor's and the estate's right, title and interest in and to certain personal property of the estate (the "Sale") consisting of a seven day all alcoholic beverage on premises license (the "License") to Woburn Restaurant Associated Limited Partnership, or its nominee ("WRA" or the "Proposed Buyer"), under the terms set forth herein.

As grounds for his motion, the Trustee states as follows:

1. On July 2, 2014, (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under chapter 7 of the United States Bankruptcy Code (11 U.S.C. §§1101, *et. seq.*) (the "Bankruptcy Code").

2. On July 7, 2014, Joseph G. Butler was appointed the Chapter 7 Trustee.

3. On or about October 5, 2010, the Proposed Buyer and the Debtor entered into a non-residential commercial sublease (the "Sublease") whereby the Debtor, *inter alia,* leased a certain restaurant facility located at 230 Mishawum Road in Woburn,

Massachusetts (the "Real Property") from the Proposed Buyer. As part of the Sublease, WRA provided the Debtor with a fully outfitted kitchen. Section 5.4 of the Sublease states:

> 5.4. Liquor License. Sublessor owns the liquor license necessary to serve alcoholic beverages at the Premises (the "License"). Sublessor covenants and agrees to use good faith, best efforts to cooperate promptly and diligently with Sublessee to cause the transfer of the License to Sublessee as promptly as legally practicable. Upon the termination of this Agreement, Sublessee agrees to use good faith, best efforts to cause the transfer of the License back to Sublessor.

4. Schedule B filed by the Debtor on August 4, 2014, states that the Debtor's assets included a liquor license with an estimated value of $200,000.

5. The Massachusetts Department of Revenue ("MDOR") may assert a lien in the License related to certain alleged meals tax liabilities. Other parties may assert an interest in the License by operation of M.G.L.A. ch. 138, § 25.

6. On August 4, 2014, the Trustee filed an application for authority to employ Corbett Restaurant Group (the "Broker") as business broker for the purpose of marketing the Debtor's business, including the Sublease, the License and any furniture fixtures or equipment owned by the Debtor, for sale. On September 17, 2014, the Court entered an order authorizing the employment of the Broker.

7. The Broker has marketed the business but, to date, has not produced any offers that resulted in a signed agreement.

8. The Sublease was rejected by operation of law effective at 12:01 a.m. on October 31, 2014, and the Real Property and any fixtures or personal property included in the Sublease have been surrendered by the Trustee to the Proposed Buyer.

9.  The Proposed Buyer has an administrative priority claim, pursuant to 11 U.S.C. § 365(d)(3) for the Estate's use and occupation of the Real Property from the Petition Date to the date that the Real Property was surrendered to the Proposed Buyer.

10. Section 4(b) of the Sublease required the Debtor to pay monthly rent to the Proposed Buyer in an amount equal to 10% of the Debtor's prior month's gross revenue (subject to a certain limitation concerning the annual gross revenues of the Debtor).

11. The Proposed Buyer's position is that it's administrative claim for use and occupation of the Property is in excess of $100,000, based upon it's calculation of four months of rent at the historical average monthly rent of $20,440.00, a total of $81,760, real estate taxes of $9,317.09, water and sewer charges of $7,044.30, and to repair a leaking pipe on the Property

12. It is the Proposed Buyer's position that Section 5.4 of the Sublease provided for a conditional transfer of the License to the Debtor and that upon termination of the Sublease the License automatically reverts back to the Proposed Buyer and that the furniture, fixtures and equipment located at the Real Property are, and always have been, WRA's Property. It is the Trustee's position that the License is an asset of the Estate and may be sold by the Trustee.

## THE TERMS OF SALE

13. The Trustee has, subject to the approval of the Court, accepted an offer from the Proposed Buyer to buy the License for a total purchase price of $125,000.00, consisting of (i) a credit bid in the amount of $85,000 (the "Administrative Claim"), plus (ii) cash in an amount of $40,000 (the "Purchase Price").

14. The terms of this proposed sale are contingent upon judicial approval of a certain Stipulation By and Between Chapter 7 Trustee, Joseph G. Butler and Creditor, Woburn Restaurant Associated Limited Partnership, Re: Claim No. 15 Filed By Woburn Restaurant

Associated Limited Partnership and Re: Additional Claims Asserted By Woburn Restaurant Associated Limited Partnership (the "Stipulation") that is currently pending before this Court.

15. The Trustee proposes to sell the Debtor's and the Chapter 7 Estate's right, title and interest in and to the License to the Proposed Buyer (or Proposed Buyer's nominee), free and clear of all liens, claims, encumbrances and interests of any kind or nature (including, but not limited to, any liens, claims or encumbrances or interests (a) asserted by MDOR or any other taxing authorities on any basis (including allegedly unpaid meals taxes); and (b) allegedly asserted by any person or entity by operation of M.G.L.A. ch. 138, § 25), with all liens, claims, encumbrances and interests, to the extent that they are valid, attaching to the net proceeds of the sale to the same extent and the same order of priority as such liens, claims, encumbrances and interests attached to the License. The sale is to be AS IS and WHERE IS and WITHOUT ANY WARRANTY by the Trustee. If the Debtor is listed on the Commonwealth of Massachusetts Alcoholic Beverage Control Commission ("ABCC") Delinquency List pursuant to M.G.L. c. 138, § 25, upon the sale of the License to the Proposed Buyer (or Proposed Buyer's nominee) neither the License nor the Proposed Buyer (or Proposed Buyer's nominee) upon transfer of the License to it shall any longer be listed on the ABCC's Delinquency List and the terms of this sale shall not, in any way, affect the transfer of the License to the Proposed Buyer (or Proposed Buyer's nominee). The Purchase Price is to be paid to the Trustee in the form of immediately available funds (except that if WRA is the successful buyer, it will pay the Purchase Price, less the Administrative Claim Amount) within three business days following the entry of an order authorizing the Sale. The Trustee reserves the right, in the event of a default by the highest bidder, to offer the License to the next highest bidder and in turn, if the next highest bidder declines to proceed at the amount of his/her/its bid, to the next highest bidder.

16.     The Trustee believes that accepting the offer from the Proposed Buyer (or Proposed Buyer's nominee) is in the best interest of the Estate and its creditors.  The Debtor had, prior to the Petition Date, sought to sell the License and the other assets of the Debtor's business, without success.  The Trustee, through the Broker, also sought to sell the License and the other assets of the Debtor's business (including the Estate's rights under the Sublease).  The Trustee received no offers which included a provision that the Sublease would be assumed.  The proposed sale would, if approved and consummated, avoid the risk and the cost that would be incurred by the Estate if it were to litigate with WRA the question of whether the License is an asset of the estate that can be sold by the Trustee or must be transferred to WRA and litigate the amount of WRA's administrative claim and will result in the Estate retaining not less than $40,000.

17.     The Trustee intends to solicit higher offers by sending notice of the sale to all known creditors, all parties who have filed requests for notice in the bankruptcy case and by sending notice to all persons who have expressed an interest in acquiring the Assets or the business of the Debtor.

18.     If an entity (an "Alternate Purchaser") timely makes an offer for the License that is higher and better than the $125,000 offer by WRA and WRA (or its nominee) is not the ultimate purchaser of the License, then the Estate shall pay the allowed Administrative Claim of WRA in the amount of $85,000 forthwith after receiving the purchase price from an Alternate Purchaser and WRA shall be entitled to an additional  payment, in settlement of its claims concerning the License equal to 40% of the delta between the gross amount paid by the Alternate Purchaser and $125,000, to be paid at the same time as the payment of the WRA Administrative Claim (the "Additional Administrative Claim").  For example, if the Alternate Purchaser pays

$160,000 for the License, then the Proposed Buyer would receive an Additional Administrative Claim payment of $14,000 ($160,000 - $125,000 x 40%).

19. WRA's Administrative Claim and any Additional Administrative Claims shall be paid by the Trustee immediately upon receipt of the License sale proceeds from the Alternate Purchaser and said payment shall be made before the payment of any other administrative claims. The payment of the Administrative Claim and the Additional Administrative Claim shall not be subject to disgorgement if there are insufficient funds to pay other administrative claims.

20. The Trustee therefore requests that the Court enter an order authorizing him to transfer and sell the Assets to the Proposed Buyer (or Proposed Buyer's nominee) for the sum of $125,000.00, or to such other buyer and at a price approved by the Court after a hearing and in accordance with the proposed notice filed herewith, with said sale to be free and clear of all liens, claims, encumbrances and interests of any kind or nature, and under the terms and conditions set forth above.

WHEREFORE, the Trustee respectfully requests that this Court:

(i) approve notice given pursuant to ¶17 above as adequate notice of the Sale in the particular circumstances;

(ii) enter an order allowing the Sale; and

(iii) grant such other and further relief as may be just.

Dated: March 6, 2015

Joseph G. Butler, Trustee
of the Estate of Sea Dog Woburn, LLC

/s/Joseph G. Butler
Joseph G. Butler  BBO # 544284
Law Office of Joseph G. Butler
355 Providence Highway
Westwood, MA 02090
(781) 636-3638
JGB@JGButlerlaw.com